**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**MISCELLANEOUS ACTION NO. _____**

**UNITED STATES OF AMERICA**                                        **PETITIONER**

**V.**                **MOTION TO EXTEND TIME TO**
                   **INITIATE FORFEITURE ACTION**

**$52,287.00 IN U.S. CURRENCY**                           **RESPONDENT**

\* \* \* \* \*

The United States hereby moves, pursuant to 18 U.S.C. 983(a)(3)(A), to extend to January 16, 2025, the time in which the United States is required to initiate a judicial forfeiture action against property to which a claim has been filed in nonjudicial forfeiture proceedings with U.S. Customs and Border Protection (USCBP). In support of this motion, the United States submits the following and attaches hereto a proposed order.

## BACKGROUND

USCBP initiated nonjudicial civil forfeiture proceedings after the seizure of $52,287.00 from Serafin Bayona during the search of his residence in Lexington, Kentucky, pursuant to a federal search and seizure warrant, at the same time as his arrest on April 30, 2034. USCBP provided written notice of its intent to forfeit the seized currency to all interested parties as required by 18 U.S.C. § 983(a)(1)(A). Bayona filed a claim to the seized currency in the administrative forfeiture proceeding. No other person has filed a claim to the seized currency in the administrative forfeiture proceeding as required by law, and the time for filing such claims has expired. *See* 18 U.S.C. § 983(a)(2)(A)-(E).

USCBP received a deficient claim from Bayona to the seized currency on June 17, 2024. Thereafter, USCBP notified Bayona that his claim was deficient and gave him additional time to cure it. On July 29, 2024, USCBP received a valid claim from Bayona to the seized currency. Pursuant to 19 U.S.C. §§ 1608 and 1610, upon the filing of the valid claim, the seizing agency transmitted it to the United States Attorney for the purpose of initiating a judicial forfeiture action against the property. The United States currently has until October 27, 2024, to initiate a judicial forfeiture action against the seized currency. 18 U.S.C. § 983(a)(3)(A). The United States seeks an extension of the deadline for initiating judicial forfeiture proceedings against the seized property to January 16, 2025.

## LEGAL BASIS FOR EXTENSION

Section 983(a)(3) provides that the United States "shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims" or "include a forfeiture allegation in a criminal indictment" within ninety (90) days after an administrative claim has been filed. However, this deadline may be extended "for good cause shown or upon agreement of the parties." 18 U.S.C. § 983(a)(3)(A). There is good cause for an extension of the ninety-day deadline set forth in § 983(a)(3)(A) here as there is an ongoing criminal investigation and the filing of a complaint for forfeiture could interfere with that investigation. *See, e.g.*, *United States v. Funds from Fifth Third Bank Account #0065006695*, No. 13-11728, 2013 U.S. Dist. LEXIS 157447, at *24-25 (E.D. Mich. Nov. 4, 2013).

In addition, as noted above, Bayona has been arrested on a federal criminal complaint issued in this district. *See United States v. Serafin Bayona*, E.D. Ky. No. 5:24-MJ-5175. Bayona recently retained new counsel in the related criminal matter, and, at the

parties' joint request, this Court granted an extension of the deadline to bring federal charges against him until January 16, 2025. Thus, an extension of the statutory deadline is requested and justified to prevent the unnecessary expenditure of public resources and funds by unnecessarily filing a civil action for forfeiture against the property before an indictment and/or information is returned in this district.

Unless the Court grants for good cause shown this request to extend the time to initiate a judicial forfeiture action against the seized currency, the United States will be required to do so by no later than October 27, 2024, threatening the pending criminal investigation and wasting public resources. If this request is not granted and the United States does not file a civil complaint within the time specified by the statute, it will be required to release the seized currency and may not take any further action to effect its forfeiture in connection with the underlying offense. There is no assurance that the property will be available if released. Thus, there is good cause for granting the requested extension of time.

## CONCLUSION

For the foregoing reasons demonstrating good cause, the United States respectfully requests that the Court extend until January 16, 2025, the period in which the United States is required to initiate a judicial forfeiture action against the seized currency. The United States has attempted to obtain Bayona's agreement to the requested extension, via a request from the undersigned to his counsel, but has not received any response to that request.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By:   /s/ Haley Trogdlen McCauley
       Assistant United States Attorney
       260 West Vine Street, Suite 300

Lexington, Kentucky 40507
Phone: (859) 685-4831
Fax: (859) 233-2533
haley.mccauley@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2024, I served a copy of the foregoing by e-mail to the following:

William M. Butler, Jr.
500 West Jefferson Street, Suite 1520
Louisville, Kentucky 40202
wmb@criminallawyer.com
*Attorney for Claimant Serafin Bayona*